**Aiguo LIU, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 06–74762.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2009.*

Filed Aug. 17, 2009.

Shenqian Yuan, Law Offices of Tang & Yuan, San Jose, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Michelle Morales, Office of Immigration Litigation Criminal Division, Washington, DC, for Respondent.

Before KLEINFELD, M. SMITH, and IKUTA, Circuit Judges.

## MEMORANDUM **

Aiguo Liu, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's adverse credibility de-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

termination, *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002), and deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Liu's failure to establish sufficiently and affirmatively his identity. *See, e.g., Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003) (affirming negative credibility finding based on, *inter alia,* discrepancies regarding identity). We lack jurisdiction to address Liu's contention that the IJ failed to consider properly the birth certificate he submitted because Liu failed to raise this issue to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004). In the absence of credible testimony, Liu failed to establish eligibility for asylum or withholding of removal. *See Farah,* F.3d at 1156.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.